## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MARK BALL                                          CIVIL ACTION

VERSUS                                             NO.  07-2835

DPS&C, STATE OF LOUISIANA,                         SECTION "J"(2)
RICHARD STALDER SECRETARY OF
CORR., WARDEN LYNN COOPER, A.V.C.


## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Mark Ball, is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]  Ball was charged by bill of information in Jefferson Parish on August 7, 2003, with possession of marijuana with intent to distribute.[3]  On October 23, 2003, Ball entered a plea of guilty as charged and received a 15 year sentence.[4]

The State filed a multiple bill on the same day.[5]  After Ball waived legal delays, he entered a plea of guilty as a second offender.[6]  The state trial court resentenced him to serve 15 years in prison at hard labor as a second offender.[7]

Ball's conviction became final 30 days later, on Saturday, November 22, 2003, or the following business day, Monday, November 24, 2003, because he did not file a notice of appeal or seek reconsideration of his sentence.  See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 8/7/03.

[4]St. Rec. Vol. 1 of 3, Guilty Plea Minutes, 10/23/03; Plea of Guilty & Waiver of Rights, 10/23/03.

[5]St. Rec. Vol. 1 of 3, Guilty Plea Minutes, 10/23/03; Multiple Bill, 10/23/03; Minutes of Multiple Bill Hearing, 10/23/03; Plea Transcript, 10/23/03.

[6]St. Rec. Vol. 1 of 3, Minutes of Multiple Bill Hearing, 10/23/03; Plea of Guilty & Waiver of Rights as a Multiple Offender, 10/23/03; Plea Transcript, 10/23/03.

[7]St. Rec. Vol. 1 of 3, Minutes of Multiple Bill Hearing, 10/23/03; Plea Transcript, p. 13, 10/23/03.

filing a notice of appeal under La. Code Crim. P. art. 914[8]); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period when it would otherwise be the last day of the period).

On April 29, 2004, Ball signed a motion seeking a free copy of the transcript of his guilty plea and sentencing and copies of the state trial court's minute entries.[9]  The state trial court granted the request for the copy of the transcript on June 15, 2004.[10]  During the next nine months, Ball filed three follow-up requests to secure the transcript, which he eventually received on or around March 2, 2005.[11]

On April 5, 2005, Ball submitted an application for post-conviction relief, which was filed in the state trial court on April 22, 2005, and in which he raised three grounds for relief:[12] (1) His guilty plea to the charge of possession of marijuana with intent to distribute was not knowing, intelligent, or voluntary because the State withheld evidence that the informant had not given consent to search her car. (2) The State withheld from

---

[8]At the time of the conviction, La. Code Crim. P. art. 914, as amended by La. Acts 2003, No. 949, § 1, required that a criminal defendant move for leave to appeal within 30 days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal.  See State v. Counterman, 475 So.2d 336, 338 (La. 1985).

[9]St. Rec. Vol. 1 of 3, Motion for Production of Transcripts, 5/18/04 (signed 4/29/04).

[10]St. Rec. Vol. 1 of 3, Trial Court Order, 6/15/04.

[11]St. Rec. Vol. 1 of 3, Letter to Clerk of Court, 8/26/04; Trial Court Order, 9/1/04; Motion to Enforce, 2/1/05; Trial Court Order, 2/24/05; Motion to Enforce, 3/7/05; Trial Court Order, 3/15/05.

[12]St. Rec. Vol. 1 of 3, Uniform Application for Post Conviction Relief, 4/22/05 (signed 4/5/05).

3

the defense exculpatory evidence that the confidential informant did not give consent to search her car, making the statements attributed to the informant hearsay. (3) Counsel was ineffective for failure to file a pretrial motion to quash the bill of information which was based on hearsay and improperly seized evidence and for failure to challenge the hearsay statements of the informant. On April 27, 2005, the state trial court denied the application finding no merit to the claims raised.[13]

On October 28, 2005, Ball filed a motion to withdraw his guilty plea to the charge of possession of marijuana with intent to distribute.[14] He alleged that the plea was not intelligently made because the State misled him to believe that he would be parole-eligible after serving half of the 15 year sentence. By order issued on November 15, 2005, the state trial court denied the motion as meritless and instructed Ball that Louisiana law required that his challenge to parole eligibility and sentence computation be filed in the 19th Judicial District Court in East Baton Rouge Parish.[15]

On November 2, 2005, Ball filed an untimely[16] writ application with the Louisiana Fifth Circuit seeking review of the state trial court's denial of his application for post-

---

[13]St. Rec. Vol. 1 of 3, Trial Court Order, 4/27/05.

[14]St. Rec. Vol. 1 of 3, Motion to Withdraw Guilty Plea, 10/28/05.

[15]St. Rec. Vol. 1 of 3, Trial Court Order, 11/3/05 (signed 11/10/05, issued 11/15/05).

[16]Petitioner had 30 days from issuance of the trial court's order to file for review in the Louisiana Fifth Circuit. La. App. Rule 4-3; La. Code Crim. P. art. 922.

4

conviction relief.[17]  He raised two specific grounds for relief: (1) The state trial court erred when it failed to conduct an evidentiary hearing to determine whether the informant gave consent to search the car. (2) The state trial court erred when it failed to fully consider the claim that the state withheld exculpatory evidence.  Ball also argued that his plea to the drug charge was not knowing and voluntary and that the State withheld exculpatory information regarding the lack of consent for the search.  He also argued that his counsel was ineffective for inducing him to plead guilty to the drug charge without challenging the informants' statements.

On November 7, 2005, the Louisiana Fifth Circuit denied the application finding no error in the state trial court's April 27, 2005, order denying the application for post-conviction relief.[18]

Ball thereafter filed an untimely[19] writ application with the Louisiana Supreme Court in which he raised no specific grounds for relief but generally requested review of

---

[17]St. Rec. Vol. 3 of 3, Copy of 5th Cir. Writ Application, 11/2/05.  The filing date of this writ application appears on the face of the court's order.  St. Rec. Vol. 1 of 3, 5th Cir. Order, 05-KH-890, 11/7/05. The filing date has been confirmed by a member of my staff with the clerk of court's office of the Louisiana Fifth Circuit.

[18]St. Rec. Vol. 1 of 3, 5th Cir. Order, 05-KH-890, 11/7/05.

[19]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to file a writ application in the Louisiana Supreme Court. Ball signed the application on December 20, 2005, and it was filed on April 3, 2006.  The postal meter date was December 22, 2005.  All three dates fall outside of the 30-day period allowed under Louisiana law.  See St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 06-KH-709, 4/3/06 (signed 12/20/05, postal meter 12/22/05); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2006-KH-709, 4/3/06 9 (postal meter 12/22/05).

the Louisiana Fifth Circuit's ruling.[20]  On September 27, 2006, Ball supplemented the application and raised two claims: (1) Counsel was ineffective for inducing his plea of guilty to the multiple bill based on improper information regarding his parole eligibility. (2) His sentence was improperly calculated for purposes of parole eligibility.  The Louisiana Supreme Court denied the application without reasons on October 6, 2006.[21]

Ball sought reconsideration of this ruling on November 13, 2006, requesting that the court reconsider the application in light of the following four claims:[22] (1) He was coerced into pleading guilty to the multiple bill because he was promised parole as a second offender. (2) His plea to possession of marijuana with intent to distribute was not knowing, intelligent, or voluntary. (3) The State withheld exculpatory evidence from the defense. (4) Counsel was ineffective for failure to file a pretrial motion to quash the bill of information.  The Louisiana Supreme Court denied reconsideration on December 8, 2006.[23]

Five months later, on May 8, 2007, Ball filed a motion to correct his sentence or to withdraw his guilty plea to the multiple bill based on misrepresentations about his

---

[20]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 06-KH-709, 4/3/06.

[21]St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2006-KH-0709, 10/6/06.

[22]St. Rec. Vol. 3 of 3, Request for Rehearing, 06-KH-0709, 11/13/06 (signed 10/31/06).

[23]St. Rec. Vol. 3 of 3, La. S.Ct. Order, 2006-KH-709, 12/8/06.

6

parole eligibility.[24]   On May 22, 2007, the state trial court denied the motion as meritless.[25]

Although no reference to this appears in the record provided by the State, the other pleadings reflect that Ball sought review of this order in the Louisiana Fifth Circuit on June 27, 2007.[26]  The court allegedly denied the application as untimely under La. Code Crim. P. art. 930.8.[27]

## II.   FEDERAL HABEAS PETITION

In the meantime, on May 8, 2007, Ball filed a petition for federal habeas corpus relief in which he raised four grounds for relief:[28] (1) His plea to the multiple bill was not knowing, intelligent or voluntary because he was misinformed about parole eligibility. (2) The State withheld exculpatory evidence because the informant did not give consent to search her car. (3) Counsel was ineffective because he failed to advise Ball properly regarding parole eligibility and because he failed to investigate the actions of the informant. (4) He was denied second offender status.

---

[24]St. Rec. Vol. 2 of 3, Motion to Correct Illegal Sentence; Withdraw Guilty Plea, 5/8/07.

[25]St. Rec. Vol. 2 of 3, Trial Court Order, 5/22/07.

[26]Rec. Doc. No. 11, Response to Habeas Petition, p. 4.

[27]Id.  At the time of his conviction, La. Code Crim. P. art. 930.8 provided a two-year period for a defendant to file for post-conviction relief in the state courts.

[28]Rec. Doc. No. 1.

7

The State filed a response in opposition to the petition, alleging that Ball's federal petition was not timely filed and that he failed to exhaust state court remedies.[29]  Ball filed a reply to the State's opposition arguing that he has exhausted all state court remedies.[30]  He also argues that his petition is timely because he had to wait for a copy of his plea transcript and because he is otherwise entitled to equitable tolling.

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[31] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Ball's petition, which, for reasons discussed below, is deemed filed in this federal court on April 17, 2007.[32]

---

[29]Rec. Doc. No. 11.

[30]Rec. Doc. No. 12.

[31]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[32]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378

8

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

My review of the record reflects that Ball has not exhausted available state court remedies.  However, his petition also is not timely filed and should be dismissed for that reason, since requiring him to exhaust his state court remedies will neither affect nor improve the time-barred nature of his current habeas petition.

IV.    EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted

---

(5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Ball's petition was filed by the clerk of court on May 8, 2007, when the filing fee was paid.  Ball signed the verification of his petition on April 17, 2007.  This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

as to <u>all</u> of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). For purposes of the exhaustion doctrine, "procedurally proper manner" means compliance with the rules of the state courts.  Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982).

In this case, Ball has not properly exhausted available state court remedies as to several of the claims asserted in this petition.  However, for the reasons set out below, I also find that Ball's claims should be dismissed with prejudice because his federal petition was not timely filed.  Therefore, it would be vain and useless to dismiss his case without prejudice to require exhaustion when those same claims are already time-barred.

V.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[33]  Duncan, 533 U.S. at 179-80.  Ball's

---

[33]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially

conviction is deemed final on November 24, 2003, when he did not appeal or seek reconsideration of his sentence.

Therefore, under a literal application of the statute, Ball had until November 24, 2004, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Ball alleges that he is entitled to equitable tolling of the AEDPA limitations period because he waited 288 days for a copy of his plea transcript and because the prison made him wait one day to verify and notarize his Louisiana Supreme Court writ application, which he signed on December 20, 2005.  Neither of these instances rise to the level of the type of "extraordinary circumstance" which would entitle Ball to equitable tolling.

Ball first claims that his pursuit of post-conviction relief was delayed while he waited to obtain a copy of his plea transcript.  His claims in the application for post-conviction relief addressed the voluntariness of his plea, withholding of exculpatory evidence and ineffective assistance of counsel for failure to file a motion to quash and challenge hearsay evidence.

These claims were not dependant upon the transcript nor was the transcript necessary to support the claims.  See Brown v. Cain, 239 F.3d 365 (5th Cir. Nov. 7, 2000) (Table, Text in Westlaw) (no abuse of discretion in rejecting equitable tolling for delayed receipt of transcript where transcript was not relevant to the claim raised); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript which was not required to file the application does not warrant equitable tolling).  Ball was present at each phase of the plea process.  Ball's counsel filed a

pretrial motion to suppress the statements, the identification, and the evidence seized without a warrant and without probable cause.[34]  Thus, the defense had concerns pretrial, and pre-guilty-plea, regarding the validity of the search of the informant's car and her reliability.  The motion was to be heard by the court on October 23, 2003, the day Ball decided to enter his guilty plea.

Ball has not established that the plea transcript was necessary for him to pursue either claim regarding withheld evidence about the consent and/or the lack of consent to search the informant's car.  He has shown no basis for equitable tolling.

Ball's second contention is that prison officials made him wait one day, until December 20, 2005, to verify and notarize his writ application to the Louisiana Supreme Court.  He argues that this one day rendered his writ application untimely.  The record does not support this contention.

Instead, the record reflects that the Louisiana Fifth Circuit issued its opinion on Ball's writ application, Number 05-KH-890, on November 7, 2005.  Ball had 30 days from issuance of that order, or until December 7, 2005, to submit his writ application to the Louisiana Supreme Court.[35]  Admittedly, Ball waited until December 19 or 20, 2005,

---

[34]St. Rec. Vol. 1 of 3, Motion to Suppress, 10/23/03.

[35]La. S. Ct. Rule X§5; La. Code Crim. P. art.922.

14

to begin his efforts to submit the application for mailing from the prison.[36]  This was 13 days after a timely writ application should have been delivered to prison officials for mailing.  The alleged one-day delay by prison officials was not the cause for the untimeliness of his Louisiana Supreme Court writ application.[37]  Ball is not entitled to equitable tolling for his own unexplained delay.

For these reasons, Ball has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of  "exceptional circumstances" described in recent decisions.  See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal

---

[36]Rec. Doc. No. 12.

[37]The untimeliness will also be addressed in the discussion of statutory tolling in this report.

district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

16

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

17

petition.  Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

As stated above, Ball's conviction became final on November 23, 2003.  The one-year limitations period began to run on November 24, 2003, and did so without interruption, until November 23, 2004, when it expired.  Ball had no properly filed state post-conviction or other collateral review pending during that time.

Ball did not file for state post-conviction review until April 5, 2005, when he submitted the uniform application for post-conviction filed in the state trial court on April 22, 2005.[38]  This later filed writ application has no effect on the timeliness calculation. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

---

[38]St. Rec. Vol. 1 of 3, Uniform Application for Post Conviction Relief, 4/22/05.

18

Furthermore, as noted above, Ball's efforts to obtain a copy of his plea transcript from the state trial court do not constitute state post-conviction or other collateral review for purposes of tolling.  Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); see also Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, 2002 WL 63541 (E.D. La. Jan. 16, 2002); Jones v. Johnson, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson, 185 F. Supp.2d at 751-52 (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).  He is not entitled to tolling for this period.

Nevertheless, even if a reviewing court were to considering tolling while Ball waited for the transcript, his federal petition is still untimely.  Ball dated his first request for the plea transcript on April 29, 2004, which was 156 days after his conviction is deemed final.[39]  The motion was granted on June 15, 2004, by the state trial court.[40] The record indicates  that Ball was provided with the transcript on March 2, 2005.[41]

---

[39]St. Rec. Vol. 1 of 3, Motion for Production of Transcripts, 5/18/04.

[40]St. Rec. Vol. 1 of 3, Trial Court Order, 6/15/03.

[41]St. Rec. Vol. 1 of 3, Trial Court Order, 3/15/05.

From that receipt, another 33 days of the AEDPA limitations period elapsed before Ball submitted his application for post- conviction relief on April 5, 2005, filed in the state trial court on April 22, 2005.  The application for post-conviction relief remained pending for tolling purposes until May 27, 2005, which was 30 days after the trial court ruled and the time for seeking review of that order lapsed.

The limitations period began to run again on April 23, 2005, and did so for another 130 days, until October 5, 2005, when Ball submitted a motion to withdraw his guilty plea, which was filed in the state trial court on October 28, 2005.[42]  The motion was denied by the trial court on November 10, 2005.  However, because of this motion and Ball's subsequent writ application to the Louisiana Fifth Circuit filed on November 2, 2005, the AEDPA filing period would remain tolled until December 7, 2005.  As discussed above, this was the date by which Ball was to seek review in the Louisiana Supreme Court of the appellate court's decision, and he did not do so.  Instead, he waited to submit his writ application to that court until December 20, 2005.[43]

Therefore, the AEDPA statute of limitations period began to run again on December 8, 2005, and did so for the remaining 46 days, until January 23, 2006, when it expired.  I am aware that Ball submitted a writ application to the Louisiana Supreme

---

[42]Nara v. Frank, 2001 WL 995164, slip opinion at *5 (motion to withdraw a guilty plea is "other collateral review").

[43]See Rec. Doc. No. 12.

Court on December 20, 2005. This application was not timely filed under Louisiana law and therefore was not properly filed for purposes of tolling under the AEDPA.

The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5 is <u>not</u> properly filed because it is untimely, and post-conviction review is <u>not</u> pending for purposes of AEDPA's statute of limitations and tolling doctrines. <u>Williams v. Cain</u>, 217 F.3d at 309-11; <u>see</u> <u>Pace</u>, 544 U.S. at 414-15. Under La. S.Ct. R. X§5, an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment. <u>See</u> <u>Causey</u>, 450 F.3d at 604-05; <u>Marshall v. Cain</u>, 155 Fed. Appx. 769, 2005 WL 3115095 (5th Cir. Nov. 22, 2005) (postmark date controls under La. S. Ct. Rule X§5); <u>see also</u>, La. Code Crim. Proc. art. 922(A). For Ball as a prisoner, the pleading is considered filed when it was handed to prison officials for mailing. <u>Causey</u>, 450 F.3d 604-05.

In his reply to the State's opposition memorandum, Ball recognizes that he signed and submitted the petition for mailing on December 20, 2005. The Louisiana Fifth Circuit issued its opinion on November 7, 2005. Ball's prisoner-filing date was outside of the 30-day period allowed under Louisiana law and was not procedurally proper. Under this generous calculation of the AEDPA filing period, Ball's federal petition, deemed filed on April 17, 2007, was not timely filed.

Under an even more generous calculation, and allowing Ball tolling for the pendency of his untimely Louisiana Supreme Court writ application and the improperly filed request for rehearing[44] in that court, Ball's federal petition would still be untimely under the AEDPA.  Under this scenario, the filing period would begin to run on December 8, 2005, or after the Louisiana Fifth Circuit's November 7, 2005, ruling was no longer pending.  The period would run for 12 days, until December 20, 2005, when Ball is deemed to have filed the untimely Louisiana Supreme Court writ application. Ball would gain additional tolling from December 20, 2005, through December 8, 2006, when the rehearing request was denied.  The AEDPA filing period would restart on December 9, 2006, and would run for the remaining 34 days, until January 11, 2007, when it would expire.  Even under this excruciatingly generous calculation, Ball's petition is untimely.

Ball's federal petition is deemed filed on April 17, 2007, almost two and one-half years after expiration of the AEDPA filing period on November 23, 2004, and after the

---

[44]The petition for rehearing filed by Ball was procedurally improper and therefore would have offered no tolling benefit.  Under La. S. Ct. Rule IX§6, "[a]n application for rehearing will not be considered when the court has merely granted or denied an application for a writ of certiorari or a remedial or other supervisory writ."  Under this rule, Ball had no right to seek rehearing in the Louisiana Supreme Court and therefore would gain no tolling for the improper filing.  Cf. Gaudet v. Cain, 31 Fed. Appx. 835, 2002 WL 243278 at **1 (5th Cir. Jan. 18, 2002) (application for rehearing in state circuit court did not toll the AEDPA limitations period); see also Scott v. Cain, 2002 WL 1484385 at *2 n.17.

various, more generous alternative expiration dates addressed herein.  Thus, his petition should be dismissed as time-barred.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Mark Ball for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____9th_____ day of November, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE